UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                             :

WAYNE MILLER, for himself and on behalf of all  :
others similarly situated,
                                             :

                   Plaintiff,     :             No. 13-cv-1541 (VB)

                                    :              ECF CASE

            - v -               :

WELLS FARGO BANK, N.A., WELLS FARGO    :          **NOTICE OF**
INSURANCE, INC., ASSURANT, INC. and       :   **SUPPLEMENTAL AUTHORITY**
AMERICAN SECURITY INSURANCE         :
COMPANY,
                                      :

                  Defendants.     :

                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Defendants Assurant, Inc. and American Security Insurance Company (collectively, "the Assurant Defendants"), by and through undersigned counsel, respectfully request that the Court take notice of the attached decision of the United States Court of Appeals for the Second Circuit in *Servedio v. State Farm Ins. Co.*, No. 12-3884-cv, --- Fed. Appx. ---, 2013 WL 4504609 (2d Cir. Aug. 26, 2013) (attached hereto as Exhibit A) as supplemental authority in further support of the Assurant Defendants' Motion to Dismiss Plaintiff's Corrected Class Action Complaint filed on May 1, 2013 (dkt. no. 40).

        In *Servedio*, the Court of Appeals affirmed by summary order the decision of the United States District Court for the Eastern District of New York in *Servedio v. State Farm Ins. Co.*, 889 F. Supp. 2d 450 (E.D.N.Y. 2012), which held that the filed rate doctrine applies to premiums set by the New York Department of Insurance and that, therefore, a plaintiff cannot demonstrate a cognizable injury under N.Y. Gen. Bus. Law § 349 based on having paid those premium rates. The Assurant Defendants referred to the District Court's decision in their memorandum of law in

support of their Motion to Dismiss (dkt. no. 46) at pp. 9-12 and 33-34; and in their reply

memorandum of law (dkt. no. 55) at p. 15.  Accordingly, the Assurant Defendants respectfully

request that the Court take notice of the Second Circuit's decision in *Servedio* in considering

their Motion to Dismiss.

Dated:  New York, New York
        August 28, 2013

SULLIVAN & WORCESTER LLP

By: /s/ Andrew T. Solomon
    Andrew T. Solomon
    Karen E. Abravanel
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
Email: asolomon@sandw.com
       kabravanel@sandw.com

JORDEN BURT LLP
Frank G. Burt (*pro hac vice*)
Denise A. Fee (*pro hac vice*)
W. Glenn Merten (*pro hac vice*)
Brian P. Perryman (*pro hac vice*)
1025 Thomas Jefferson Street NW
Suite 400 East
Washington, DC 20007
Telephone: (202) 965-8100
Facsimile: (202) 965-8104

*Attorneys for Defendants Assurant, Inc.*
*and American Security Insurance Company*

Exhibit A

Westlaw

--- Fed.Appx. ----, 2013 WL 4504609 (C.A.2 (N.Y.))
**(Cite as: 2013 WL 4504609 (C.A.2 (N.Y.)))**

**H**

Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPEL-LATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUM-MARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE(WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY OR-DER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

United States Court of Appeals,
Second Circuit.
Dominick SERVEDIO, on behalf of himself and others similarly situated, Plaintiff–Appellant,
v.
STATE FARM INSURANCE COMPANY, Defendant–Appellee.

No. 12–3884–cv.
Aug. 26, 2013.

Appeal from the United States District Court for the Eastern District of New York (Frederic Block, Judge).
Harry I. Katz, Law Office of Harry I. Katz, P.C., Fresh Meadows, NY, for Plaintiff–Appellant.

Michael P. Versichelli, Evan H. Krinick, Cheryl F. Korman, Rivkin Radler LLP, Uniondale, NY, for Defendant–Appellee.

PRESENT JOSÉ A. CABRANES, PETER W. HALL, DENNY CHIN, Circuit Judges.

**SUMMARY ORDER**
**\*1 UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the September 6, 2012 order of the District Court granting, on reconsideration, defendant's motion to dismiss plaintiff's complaint is **AFFIRMED.**

Plaintiff-appellant Dominick Servedio ("plaintiff" or "Servedio"), commenced this putative class action against defendant-appellee State Farm Insurance ("defendant") raising claims of deceptive trade practices and false advertising, in violation of New York General Business Law §§ 349, 350 and common law fraud. On September 19, 2011, the District Court granted defendant's motion to dismiss all of plaintiff's claims except his Section 349 claim. *See Servedio v. State Farm Ins. Co., 814 F.Supp.2d 214, 220 (E.D.N.Y.2011).* Defendant moved for reconsideration of the District Court's ruling on the Section 349 claim. On September 6, 2012, the District Court granted the motion for reconsideration, dismissed plaintiff's Section 349 claim and dismissed his complaint in its entirety. *See Servedio v. State Farm Ins. Co., 889 F.Supp.2d 450, 451 (E.D.N.Y.2012).* Plaintiff then moved for reconsideration of that decision, which the District Court denied. *See Servedio v. State Farm Mut. Auto. Ins. Co., No. 10–CV–1458(FB), 2012 WL 6600317, at \*1 (E.D.N.Y. Dec. 18, 2012).* This timely appeal followed. We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

On appeal, plaintiff claims that the District Court

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- Fed.Appx. ----, 2013 WL 4504609 (C.A.2 (N.Y.))
**(Cite as: 2013 WL 4504609 (C.A.2 (N.Y.)))**

"misapprehended" his Section 349 claim. Appellant's Br. 11. We review plaintiff's challenge to the first reconsideration motion for an abuse of discretion, *see* Harris v. Kuhlmann, 346 F.3d 330, 348 (2d Cir.2003), but note that this appeal also brings the underlying decision up for review, *see* " R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 121 (2d Cir.2008). "We review *de novo* the grant of a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." Harris v. Mills, 572 F.3d 66, 71 (2d Cir.2009). Having conducted a *de novo* review of the record in light of these principles, we conclude that the District Court did not err, substantially for the reasons set forth by the District Court in its decisions of September 6, 2012 and December 18, 2012. *See* Servedio v. State Farm Ins. Co., 889 F.Supp.2d at 452 ("[D]eceived consumers may nevertheless receive—and retain the benefits of—something of value, even if it is not precisely what they believed they were buying"); Servedio v. State Farm Mut. Auto. Ins. Co., 2012 WL 6600317, at *1 ("Servedio does not claim that [defendant] failed to properly provide benefits under the additional [ ] coverage provision").

We have reviewed all of plaintiff's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the September 6, 2012 order of the District Court.

C.A.2 (N.Y.),2013.
Servedio v. State Farm Ins. Co.
--- Fed.Appx. ----, 2013 WL 4504609 (C.A.2 (N.Y.))

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.