

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

September 30, 2013

**By ECF**

Hon. Vincent L. Briccetti
United States Courthouse
300 Quarropas Street, Room 630
White Plains, New York 10601

Re:   *Miller v. Wells Fargo Bank, N.A., et al.*, No. 13-cv-01541-VB

Dear Judge Briccetti:

We are co-counsel to defendants Wells Fargo Bank, N.A. and Wells Fargo Insurance, Inc. (together, "Wells Fargo") in the above-referenced action.

Wells Fargo respectfully requests that the Court take notice of recent supplemental authority, *Singleton v. Wells Fargo Bank, N.A., et al.*, No. 12-CV-216 (NBB) (SAA), Mem. Op. (N.D. Miss. Sept. 26, 2013).  A copy of the *Singleton* decision is annexed hereto.  In *Singleton*, a federal district court dismissed claims relating to lender-placed insurance based upon the filed rate doctrine, as Wells Fargo argues the Court should do in its pending motion to dismiss.

Thank you for Your Honor's consideration.

Respectfully submitted,

/s/ Lisa J. Fried

Lisa J. Fried

Partner
lisa.fried@hoganlovells.com
D +1 212 909 0658

Enclosure: *Singleton* decision

cc:   David Harrison, Esq.
      Jeanne F. D'Esposito, Esq.
      Scott Papp, Esq.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Abu Dhabi   Alicante   Amsterdam   Baltimore   Beijing   Berlin   Brussels   Caracas   Colorado Springs   Denver   Dubai   Dusseldorf   Frankfurt   Hamburg   Hanoi   Ho Chi Minh City   Hong Kong   Houston   London   Los Angeles   Madrid   Miami   Milan   Moscow   Munich   New York   Northern Virginia   Paris   Philadelphia   Prague   Rome   San Francisco   Shanghai   Silicon Valley   Singapore   Tokyo   Ulaanbaatar   Warsaw   Washington DC   Associated offices: Budapest   Jakarta   Jeddah   Riyadh   Zagreb.  For more information see www.hoganlovells.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| GLYNN J. SINGLETON | PLAINTIFF |
| V. | CASE NO. 2:12CV216-NBB-SAA |
| WELLS FARGO BANK, N.A., WELLS FARGO INSURANCE, INC. QBE INSURANCE CORPORATION, and STERLING NATIONAL INSURANCE AGENCY, INC. | DEFENDANTS |

### MEMORANDUM OPINION

Presently before the court are the motions of Defendants Wells Fargo Bank, N.A., Wells Fargo Insurance, Inc., QBE Insurance Corporation, and QBE Insurance Agency, Inc. also known as Sterling National Insurance Agency, Inc., for dismissal. Upon due consideration of the parties' filings and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

In March 2008, Glynn Singleton obtained a $74,5000 loan from Bankers Mortgage Center, Inc. secured by a deed of trust on real property in DeSoto County, Mississippi. Wells Fargo is the servicer of the loan. Pursuant to the deed of trust, Singleton is required to maintain insurance on the property, and if she fails to do so, "Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage." Further, the agreement provides that "Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of the insurance that Borrower could have obtained." *See* Compl. at 35.

In March 2009, Wells Fargo informed Singleton that the flood insurance she had purchased for the property was inadequate. When Singleton failed to obtain the additional coverage as requested by Wells Fargo, the company purchased the insurance from QBE Insurance and charged Singleton. The charged rate was first reviewed and approved by the Mississippi Department of Insurance.

Plaintiff Singleton filed this potential class action alleging that Wells Fargo and QBE Insurance impermissibly entered into an arrangement wherein QBE would be the sole provider for Wells Fargo's force placed policies. Plaintiff alleges that this arrangement allows Defendants to charge exorbitant rates which were not arrived at on a competitive basis and were well in excess of those rates which could have been obtained in the open market. Singleton's complaint pleads the following claims against Wells Fargo: breach of implied covenant of good faith and fair dealing, violation of the Real Estate Settlement Procedure Act ("RESPA"), unconscionability, an additional claim of tortious interference with a business relationship against QBE Insurance, as well as a claim of assumpsit to recover the amount that Defendants were enriched.

Defendants Wells Fargo and QBE Insurance subsequently filed separate motions to dismiss for failure to state a claim, both of which will be addressed herein.

## Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law. When reviewing a motion to dismiss, the court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 117, 180 (5th Cir. 2007). "Factual

2

allegations must be enough to raise a right to relief above the speculative level, on assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). This court cannot dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### Discussion

Defendants argue that Plaintiff's claims are barred in their entirety by the filed rate doctrine since the charged rate was first presented to the Mississippi Department of Insurance. "Under the filed rate doctrine, any 'filed-rate' - that is, a rate approved by the governing regulatory agency - is 'per se reasonable and unassailable in judicial proceedings brought by ratepayers.'" *American Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1203-04 (¶ 23) (Miss. 2001) (quoting *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994); citing *United Gas Pipe Line Co. v. Willmut Gas & Oil Co.*, 97 So. 2d 530, 535 (1957)). The Mississippi Supreme Court has determined:

> The filed rate doctrine is based upon sound considerations of law and judicial policy. A civil juror, who likely has little, if any, expertise in the area of insurance rates and policies, should not be permitted to reject and thereupon impose liability based on the rates of a policy which was expressly approved by the Department of Insurance.

*Wells*, 819 So.2d at 1204 (¶ 24) (citing Miss. Code Ann. tit. 83 (1999)).

Plaintiff semantically argues that the doctrine does not apply because she is not challenging the rates, but rather the manner in which the rates were attained, the manipulation of

3

the force-placed insurance process, the impermissible commissions and kickbacks included in the premiums, and the cost of the administrative services, while also asserting that she challenges "the particular rate chosen by Defendants for unnecessary coverage." Pls.' Resp. at 3. Moreover, Plaintiff specifically alleges that under Defendants' arrangement, the companies "charge exorbitant rates to Plaintiff and the Class . . . ." and that the rates are "illegal because they not only include the excessive cost of insurance, but also include illegal kickbacks and the cost of the bundle of administrative services that QBE is providing to Wells Fargo." Compl. at ¶¶ 19, 28. In her response to both motions to dismiss, Plaintiff states that she "brought this class action against several defendants . . . for their common pattern and practice of force-placing insurance upon Plaintiff and Class Members at grossly excessive rates. . . ." Pls.' Resp. at 1.

It appears to the court that Plaintiff is essentially alleging that the policy rates are too high and that recovery is sought based on this issue. The alleged kickbacks and other costs were included in the amount of the premium approved by the regulatory agency. The court finds that filed-rate doctrine applies because Plaintiff's claims implicate the reasonableness of the filed rates, notwithstanding Plaintiff's cited persuasive authority to the contrary.[1] *See Korte v. Allstate Ins. Co.*, 48 F.Supp.2d 647, 652 (E.D. Tex. 1999). While the Mississippi Supreme Court noted in its opinion in *Wells* that various types of claims arguably fall outside the scope of the filed rate doctrine, none of such claims are pled by Plaintiff. *See Wells*, 819 So.2d at 1204-05 (¶ 27).

---

[1] Plaintiff primarily relies on two cases for the proposition that her claims are not barred by the doctrine. *See Ables v. JPMorgan Chase Bank, N.A.*, 678 F.Supp.2d 1273, 1277 (S.D. Fla. 2009); *see also Kunzelman v. Wells Fargo Bank, N.A.*, No. 9:11-cv-81373-DMM, 2012 WL 2003337, at *2-3 (S.D. Fla. June 4, 2012). Because this court's jurisdiction is invoked through diversity, it must apply the laws of the State of Mississippi.

4

Because the court determines that the filed rate doctrine bars Plaintiff's claims in their entirety, it need not address Defendants' remaining arguments for dismissal.

## Conclusion

For the foregoing reasons, the court finds that Wells Fargo and QBE's motions to dismiss should be and the same are hereby granted. A separate order in accord with this opinion will issue this day.

This, the 26th day of September, 2013.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**