

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

October 3, 2013

BY ECF

The Honorable Vincent L. Briccetti
United States District Court
Southern District of New York
300 Quarropas Street, Room 630
White Plains, New York 10601

    Re:    *Miller v. Wells Fargo Bank, N.A. et al.*, No. 13 Civ. 1541 (VB)

Dear Judge Briccetti:

    This firm represents defendants Assurant, Inc. ("Assurant") and American Security Insurance Company ("American Security") in the above-styled putative class action. To the extent the Court considers plaintiff Wayne Miller's "Third Notice of Supplemental Authority in Further Opposition to Defendants' Motions to Dismiss," filed on October 1, 2013 (dkt. no 65), these defendants submit the following response.

    Miller cites and relies on *Rothstein v. GMAC Mortgage, LLC*, No. 12 Civ. 3412, slip op. (S.D.N.Y. Sept. 30, 2013), a recent decision by Judge Nathan denying a motion to dismiss in a case bearing superficial similarities to this one, *e.g.*, both cases involve alleged overcharges for lender-placed hazard insurance. Miller's reliance on *Rothstein* is misplaced.

    The Court in *Rothstein* found that the filed rate doctrine did not apply to the allegations in that suit because "'Plaintiffs do not allege that [the insurance carrier's] rates were unreasonable,' but instead challenge the imposition of those rates on them by a third party." Slip op. at 13. By contrast, Miller here squarely alleges, and challenges on this basis, that American Security's rates are "unreasonable" – and also "excessive," "expensive," "exorbitant," "highest price," "high cost," "generat[ing] profit margins unheard of elsewhere," "higher than necessary," "excessively priced," "high priced," "artificially inflated," and "exorbitantly priced." *See, e.g.*, Compl. ¶¶ 4, 25, 26, 41, 52, 55-57, 73, 79, 84, 86, 87, 89, 93, 98, 101, 127, 144, 146, 150-152, 156. Moreover, the *Rothstein* court did not address the fact that even if the conduct challenged does not implicate the filed rate, the relief requested *certainly* does. Miller effectively asks the Court to roll back American Security's filed rates through a monetary award. The October 1 *Rothstein* decision also (understandably) did not address the September 26 decision in *Singleton v. Wells Fargo Bank, N.A.*, which decries the very argument Miller asserts here as "semantic[]." No. 12 Civ. 216, 2013 WL 5423917, at *2 (N.D. Miss. Sept. 26, 2013).

Page 2
October 3, 2013

  The *Rothstein* court also permitted RICO allegations to survive dismissal, but the allegations and arguments made there are different from those made in this case.  For example, this case involves an entirely different alleged RICO "enterprise," one consisting of unidentified nonparty "insurance producers and entities."  Indeed, *Rothstein* does not address a challenge to the alleged enterprise itself, whereas defendants here have challenged the alleged enterprise's unknown membership, unstructured nature, and lack of distinctiveness from the purported pattern of racketeering activity.  Nor does *Rothstein* address defendants' proximate causation argument that a plaintiff's knowledge of how the lender-placed insurance is priced or how any defendant is compensated is immaterial because the borrower has no participation in or approval of the placement decision.  Defendants also respectfully submit that the Court in *Rothstein* failed to consider the Supreme Court's clarification in *Bridge v. Phoenix Bond & Indemnity Co.* that although "reliance" is not a strict element of a RICO claim, "the plaintiff will not be able to establish even but-for causation if no one relied on the misrepresentation." 553 U.S. 639, 658 (2008); *see also UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 132-34 (2d Cir. 2010) (post-*Bridge* precedent holding that lack of plaintiffs' reliance on alleged misrepresentations precluded "but-for" causation).

  Thank you for Your Honor's consideration.

                Respectfully submitted,

                /s/

                Andrew T. Solomon

                Direct line: 212-660-3023
                asolomon@sandw.com


                Frank G. Burt
                Denise A. Fee
                W. Glenn Merten
                Bryan P. Perryman
                Jorden Burt LLP
                1025 Thomas Jefferson Street, N.W.
                Suite 400 East
                Washington, D.C. 20007-5208

                *Counsel for Defendants Assurant Inc. and*
                *American Security Insurance Company*

cc:  All Counsel of Record (via ECF)