UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
                                             :
WAYNE MILLER, for himself and on behalf of all : No. 13-cv-1541 (VB)
others similarly situated,                   :
                                             :   ECF CASE
         Plaintiff,                          :
                                             :
    - v -                                    :   **ASSURANT DEFENDANTS'**
                                             :   **THIRD NOTICE OF**
WELLS FARGO BANK, N.A., *et al.*,            :   **SUPPLEMENTAL AUTHORITY**
                                             :
         Defendants.                         :
                                             :
------------------------------------------- X

      Defendants Assurant, Inc. and American Security Insurance Company (collectively, the "Assurant Defendants") respectfully request that the Court take notice of *Cohen v. American Security Insurance Co.*, No. 11-3422, ___ F.3d ___ (7th Cir. Nov. 4, 2013), a published decision issued on November 4, 2013 by the United States Court of Appeals for the Seventh Circuit affirming dismissal of "kickback" and "backdating" claims made in connection with American Security lender-placed insurance ("LPI"). For the Court's convenience, a copy of this decision is attached hereto as Exhibit A.

      The *Cohen* plaintiff alleged that, following her contractual failure to maintain hazard insurance on her residence, her lender (Wachovia Mortgage, FSB) secured replacement coverage from American Security, charging for a premium that included a commission paid to Wachovia's affiliate, which plaintiff characterized as a "kickback." *See* Ex. A at 2. Plaintiff further alleged the LPI was "backdated." *Id.* at 10. On these allegations, plaintiff asserted claims for violations of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 505/1 *et seq.*, fraud, breach of contract, conversion, and unjust enrichment.

The Seventh Circuit rejected plaintiff's claims and allegations on their merits, ruling as follows:

- "[T]he premise that the commission was a kickback is faulty." *Id.* at 24. "[S]imply calling the commission a kickback doesn't make it one." *Id.* at 19.

- The LPI commission was neither "coercive" nor "a kickback in any meaningful sense," *id.* at 21, since: (i) "if it was not coercive to demand that [plaintiff] maintain insurance coverage on the property (and it certainly was not), it cannot have been coercive for Wachovia to threaten to invoke the contractual remedies available for breach of that duty," *id.* at 16; and (ii) no "divided loyalties" were implicated as "Wachovia was not acting on behalf of [plaintiff] or representing her interests," but placed the LPI "for *the lender's* protection." *Id.* at 18-20.

- The commission was not deceptive since plaintiff was advised that: (i) LPI could cost more and provide less coverage than insurance available elsewhere; and (ii) she should obtain her own coverage. *See id.* at 13-14, 24-26. Moreover, plaintiff's argument "that if [she] had known of the supposed kickbacks, she would not have paid the premiums" was "senseless" since that theory "seems to be that had she known the charges were really kickbacks, she would have breached her contractual duty to pay." *Id.* at 26. "Losing an opportunity to breach a contract cannot constitute a cognizable fraud harm." *Id.*

- "Neither Wachovia nor ASI was a fiduciary or agent for [plaintiff], nor did they have a relationship of trust with her," but "operated at arm's length." *Id.* at 25.

- The "loan agreement and related documents" require "continuous coverage," rendering "backdating" implausible. *Id.* at 23. "How could Wachovia or ASI know – either in [plaintiff's] case or in the case of *any* particular borrower – whether or not a property loss had occurred during the lapse period?" *Id.* at 23-24.

The *Cohen* decision supports arguments made at pages 18-24, 26-29, and 30-32 of the Assurant Defendants' memorandum supporting the motion to dismiss, ECF No. 46, and at pages 4-5, 6-10, and 12-15 of the reply in support of the motion, ECF No. 55.

| | |
|---|---|
| Dated: New York, New York<br>November 5, 2013 | SULLIVAN & WORCESTER LLP<br><br>By: /s/ Andrew T. Solomon<br>  Andrew T. Solomon<br>  Karen E. Abravanel<br>1633 Broadway, 32nd Floor<br>New York, New York 10019<br>Telephone: (212) 660-3000<br>Facsimile: (212) 660-3001<br>Email: asolomon@sandw.com<br><br>JORDEN BURT LLP<br>Frank G. Burt (*pro hac vice*)<br>1025 Thomas Jefferson Street NW<br>Suite 400 East<br>Washington, DC 20007<br>Telephone: (202) 965-8100<br>Facsimile: (202) 965-8104<br><br>*Attorneys for Defendants Assurant, Inc.*<br>*and American Security Insurance Company* |